IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE L. MAYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case Number CIV-09-484-C |
| | ) |
| GREG PROVINCE, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation ("R&R") on June 15, 2009, recommending the Petition be dismissed as untimely. Petitioner filed an Objection on June 24, 2009. The Court, after considering the matter *de novo*, adopted the R&R by Order dated June 25, 2009. Petitioner then filed, on June 29, 2009, an Amended Objection. Because the Amended Objection was filed within the original time limit for objecting to the R&R, the Court will vacate its earlier Order and Judgment and once again consider the matter in light of Petitioner's most recent Objection.

The Magistrate Judge properly raised, *sua sponte*, the timing of Petitioner's complaint. See Kilgore v. Attorney Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008) (recognizing the untimeliness of a petition must either be pled by the government as an affirmative defense, or be clear from the face of the petition itself). It is clear on the face of the Petition that Petitioner's judgment of conviction was entered on July 22, 2005; the Oklahoma Court

of Criminal Appeals ("OCCA") entered its opinion on September 26, 2006; and Petitioner's conviction was therefore final on December 25, 2006. Petitioner did not file this action until May 6, 2009. Thus, the present case was filed well outside the one year limitations period established by 28 U.S.C. § 2244(d)(1). As noted by Judge Argo, Petitioner sought post-conviction relief in the state court. However, when the time periods during which those filings were pending are excluded, the present Petition is still untimely under the provisions of § 2244(d)(2).

Petitioner complains the recommendation of dismissal is improper, as the Court is to first give him notice and an opportunity to address the timeliness of the Petition. This argument fails for three reasons. First, as the court in Acosta v. Artuz, 221 F.3d 117 (2d Cir. 2000),* noted, it is only where the untimeliness of the Petition is not obvious on its face that notice must be given. Id. at 125. Second, Petitioner has had his opportunity, as the R&R provided notice and his right to object provides him an opportunity to be heard. Finally, as noted herein, Petitioner's claim for relief whether timely or not is not cognizable in a § 2254 action. Thus, any opportunity to amend or otherwise overcome the limitations problem would be futile. See Smith v. Colo. Dep't of Corr., 23 F.3d 339, 340 (10th Cir. 1994).

Petitioner argues that he is entitled to equitable tolling because a "state-imposed impediment unconstitutionally prevented him from timely filing his habeas petition." Dkt No. 14, p.2. However, Petitioner fails to offer any proof or argument as to the nature of the

---

* Petitioner relies on Acosta as requiring notice.

alleged impediment. Thus, Petitioner has failed to offer any basis to warrant application of the equitable tolling doctrine. "[Equitable tolling] is only available when an inmate diligently pursues his claims and *demonstrates* that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added).

As Judge Argo noted, Petitioner's claim would fail even if it were timely. Petitioner's claim is that the reduction of his sentence by the OCCA violated his due process right to have a jury determine his sentence. Accompanying his recent Amended Objection, Petitioner has filed a motion seeking leave to file an Amended Complaint. Therein, Petitioner states he will amend his claim to aver that the proper procedure for the OCCA was to remand for re-sentencing and thereby protect Petitioner's due process rights.

The Tenth Circuit has recognized that the Supreme Court has made clear that such a due process right does not exist. See Carbray v. Champion, 905 F.2d 314, 317-18 (10th Cir. 1990) ("the Supreme Court has now made it clear that if a state appellate court has authority to exercise its own discretion and to modify a jury sentence on appeal as a matter of state law, no due process violation occurs.") (citing Clemons v. Miss., 494 U.S. 738, 747 (1990)). Because Oklahoma law allows the OCCA to act as it did, there can be no violation. Id. at 318 ("the Oklahoma Court of Criminal Appeals has ruled that it has the authority as a matter of state law to modify a defendant's sentence on appeal."). Neither Carter v. State, 2006 OK CR 42, 147 P.3d 243, nor 22 Okla. Stat. § 929, which are cited by Petitioner in his Motion

to Amend, alter this result. Accordingly, Petitioner's proposed amendment would be futile, and the Court will deny Petitioner's Motion for Leave to File an Amended Habeas Petition.

As set forth more fully herein, Petitioner has failed to offer any basis to reject the Report and Recommendation (Dkt. No. 10) of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this Petition for habeas corpus relief (Dkt. No. 1) is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits and Petitioner's Motion for Leave to File an Amended Habeas Petition (Dkt. No. 15) is DENIED. Petitioner's Motion to Alter or Amend Judgment (Dkt. No. 16) is DENIED as it is mooted by this Order. A judgment will enter accordingly.

IT IS SO ORDERED this 8th day of July, 2009.

ROBIN J. CAUTHRON
United States District Judge